IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**THE BOYDS COLLECTION, LTD.,** : **CIVIL NO. 1:CV-03-1416**
:
**Plaintiff** :
:
v. :
:
**STEPHEN C. CHAMBLISS,** :
**STEPHEN C. CHAMBLISS d/b/a** :
**TIMOTHY'S, and** :
**STEPHEN C. EDWARDS, INC.,** :
:
**Defendants** :

## **M E M O R A N D U M**

Before the court is a motion by Defendants to vacate the protective order entered by this court on September 9, 2003. The parties have briefed the issues, and the matter is ripe for disposition.

**I.**     **Factual Background**

Plaintiff The Boyds Collection filed a complaint against Defendants alleging, among other things, wrongful appropriation of trade secrets and confidential information, conversion, breach of contract, and copyright infringement. The complaint arose from Defendants' alleged sale of Plaintiff's "past, present and future products," including product samples, at their antiques store in North Carolina.

Soon after, Plaintiff filed a motion for a protective order, seeking to prevent the dissemination of confidential information to the public. On September 2, 2003, this court granted the motion and entered a protective order that stated in relevant part:

>1. **Nondisclosure of Stamped Confidential Items**. Except with the prior written consent of the party or other person originally designating an item to be stamped as a confidential item, or as hereinafter provided under this order, no stamped confidential item may be disclosed to any person.
>
>. . . .
>
>3. **Declassification**. A party . . . may apply to the court for a ruling that an item (or category of items) stamped as confidential is not entitled to such status and protection. The party or other person that designated the item as confidential shall be given notice of the application and an opportunity to respond.  To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the item to have such protection.
>
>. . . .
>
>5. **Confidential Information at Court Hearing or Trial**. Subject to the Federal Rules of Evidence, stamped confidential items and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel . . . .

Defendants moved to vacate this order.  For the reasons stated below, the court will deny their motion.

**II.         Discussion**

A party wishing to obtain a protective order must show that "good cause" exists for the order.  Fed R. Civ. P. 26(c).  For that reason, a court should vacate a protective order if there is no longer good cause for maintaining the order. *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 790 (holding that the same "good

cause" analysis employed when deciding whether to grant the order in the first instance must be used when determining whether to modify the order). Initially, the burden is on the moving party to present a reason to modify the protective order. *Id.* at 790. If that party presents a valid reason, the court must then balance the privacy rights of the parties against the public interest in obtaining the information disclosed in discovery to determine whether to maintain the protective order. *Id.*

Here, Defendants put forth three reasons why the order should be lifted. First, Defendants contend that the reasons for entering the original protective order no longer exist. Second, Defendants assert that Plaintiff is using the protective order for "improper purposes." Finally, Defendants argue that the protective order has caused harm to their business interests. The court will address each reason in turn.

First, Defendants argue that the reasons for entering the protective order are now absent. They contend that because Defendants are no longer in possession of any of Plaintiff's products, the potential for Plaintiff's trade secrets to be exposed to the public has subsided. (Def. Br. at 7.) Defendants further assert that Plaintiff can show no evidence of potential harm to its business or reputation. (*Id.*) Thus, Defendants argue, Plaintiff lacks good cause for maintaining the protective order. (*Id.*)

That Defendants have returned all samples does not end the potential prejudice to Plaintiff the order seeks to prevent. The protective order was intended to protect Plaintiff's financial strategies, business projections, and future product lines. It was not intended only to prevent Defendants from selling Plaintiff's samples. The court prevented those sales through a preliminary injunction entered on September 11, 2003. (Sept. 11, 2003 Order, Doc. 9 at 2-3.) The protective order,

rather, was meant to protect those documents Plaintiff believed may compromise their future business interests should the documents be released to the public. Plaintiffs contend that their confidentiality concerns over these documents still exist, (Br. in Opp'n at 7), and the court has no reason to question that assertion.  If Defendants do not believe that the documents Plaintiff has identified as confidential should remain so, Paragraph Three of the order allows Defendants to request the court to make that determination.  At this point, Defendants have not provided the court with sufficient evidence that good cause no longer exists for maintaining the protective order.

Second, Defendants argue that Plaintiffs are using the protective order for improper purposes.  They point to a discussion during a deposition wherein Plaintiff's counsel instructed the deponent not to answer certain questions unless Defendants' counsel agreed that the answers would be subject to the protective order.  (Def. Br. at 4-5.)  The questions concerned Plaintiff's calculation of damages in another litigation.  (Br. in Opp'n at 11.)  Defendants argue that this action was "a means to preclude the discovery of relevant evidence," (Def. Br. at 8), and as such Plaintiff has used the protective order for improper purposes.

This argument fails for three reasons.  First, the court does not believe this action was an improper use of the protective order.  Because Plaintiff's counsel was not representing Plaintiff in the other litigation, Plaintiff's counsel did not know the answers the deponent would give.  (Br. in Opp'n at 11 n.12.)  She believed that the information could unnecessarily harm her client's interests in that separate litigation and instructed her client not to answer those questions.  (*Id.* at 11.)  The court does not believe this action was unreasonable.  Second, this alleged abuse of

the order did not prevent discovery of relevant evidence.  Rather than steadfastly instructing her client not to answer Defendants' questions, Plaintiff's counsel attempted to allow Defendants access to this testimony by requesting that the answers be subject to the protective order.  If Defendants would have agreed that the information would be subject to the order, Defendants would have received the answers they were seeking.  Under Paragraph Five of the order, they could have been allowed to present this testimony at trial.  Third, even if Plaintiff's use of the protective order were improper, it does not follow that the order itself should be vacated.  As stated above, there is still a valid reason for keeping the order in place–Plaintiff's interest in keeping its trade secrets confidential.  Rather than vacate the order entirely, if Defendants believe Plaintiff has improperly asserted confidentiality, the order allows Defendants to challenge that assertion.  Although Plaintiff may have made an improper assertion of confidentiality, that is not a sufficient reason to vacate the order entirely.

Finally, Defendants argue that the protective order has caused harm to Defendants' business interests.  Specifically, Defendant Stephen Chambliss asserts that the existence of the protective order has prevented him from rebutting Plaintiff's allegations in the press. (Def. Br. at 5-6.)  He contends that this has resulted in several vendors terminating their relationship with his business. (*Id.*)

If this asserted harm occurred because the protective order was in place, it was due to Defendant Chambliss's misunderstanding of the scope of the order.  The order is not a "gag order "; it merely prevents the parties from disseminating discovery documents marked as confidential.  Defendant Chambliss's incorrect belief

regarding the scope of the protective order is not a valid reason for vacating the order.

In sum, Defendants have not presented an adequate reason for vacating the protective order.  In contrast, Plaintiff still has a strong interest in maintaining the privacy of its business records, trade secrets, and financial information.  By releasing sensitive information to the Defendants, Plaintiff has relied upon the order's continued existence.  If the order were vacated now, allowing the release of confidential information to the public, Plaintiff could face serious prejudice to its business interests.  Because Plaintiff has relied upon the protective order to its potential detriment, and because Defendants have not given this court an adequate reason to upset the status quo, the protective order should be maintained.  In short, Defendants cannot show that their interest in disseminating confidential documents to the public outweighs Plaintiff's privacy interest in maintaining confidentiality over certain documents.  Thus, Defendants' motion to vacate the order will be denied.

### III.       Conclusion

In accordance with the foregoing discussion, Defendants' motion to vacate the protective order of September 2, 2003 will be denied.  An appropriate order will issue.


                                                            s/Sylvia H. Rambo
                                                            SYLVIA H. RAMBO
                                                            United States District Judge

Dated:  April 22, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE BOYDS COLLECTION, LTD.,** | **CIVIL NO. 1:CV-03-1416** |
| **Plaintiff** | |
| v. | |
| **STEPHEN C. CHAMBLISS,** **STEPHEN C. CHAMBLISS d/b/a TIMOTHY'S, and** **STEPHEN C. EDWARDS, INC.,** | |
| **Defendants** | |

## O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Defendants' motion to vacate the protective order entered on September 2, 2003 (Doc. 63) is **DENIED.**

                                            s/Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

Dated: April 22, 2005.