IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**THE BOYDS COLLECTION, LTD.,** : **CIVIL NO. 1:CV-03-1416**
    **Plaintiff** :
:
    **v.** :
:
**STEPHEN C. CHAMBLISS,** :
**STEPHEN C. CHAMBLISS d/b/a** :
**TIMOTHY'S, and** :
**STEPHEN C. EDWARDS, INC.,** :
:
    **Defendants** :

## **M E M O R A N D U M**

Before the court is Plaintiff's Motion for Leave to Amend Second Amended Complaint. (Doc. 71.) Plaintiff seeks to amend its Second Amended Complaint in order to include demands for punitive damages to Counts I, II, III, and VII. Defendants argue that Plaintiff's motion should denied because it is untimely filed and because adding punitive damages claims to Counts I, II, III, and VII would be futile. For the reasons set forth below, the court finds Defendants' arguments to be ill-founded; therefore, the court will grant Plaintiff's motion.

**I.**      **Background**

Plaintiff designs and distributes various collectibles and decorations, and Plaintiff hired Defendant Stephen C. Chambliss to assist in the development of one of its product lines. At some point during the employment relationship, Mr. Chambliss signed an employment agreement that contained a confidentiality clause. The clause prohibited Mr. Chambliss from disclosing Plaintiff's confidential information and

merchandise to the public. Plaintiff alleges, however, that on or around August 13, 2003, it discovered that Mr. Chambliss was selling its products without authorization at his store in Waynesville, North Carolina called Timothy's. Plaintiff sent representatives to Timothy's to confirm Mr. Chambliss's conduct, and they allegedly found, among other things, future products for sale at the store. Plaintiff terminated Mr. Chambliss on August 18, 2003 and filed the captioned matter that same date.

Plaintiff initially filed a Complaint against Stephen C. Chambliss and Stephen C. Chambliss d/b/a Timothy's seeking monetary damages and injunctive relief. In its Complaint, Plaintiff asserted claims of wrongful appropriation of trade secrets and confidential information, conversion, replevin, breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, and unfair competition. Plaintiff subsequently amended its Complaint twice. On October 14, 2003, Plaintiff filed an Amended Complaint and added claims of copyright infringement for 63 products and two counts of false designation of origin and sponsorship under the Lanham Act. On January 22, 2004, Plaintiff filed a Second Amended Complaint to add Stephen C. Edwards, Inc. as a defendant.

Plaintiff now seeks leave to file a Third Amended Complaint in order to include demands for punitive damages on Counts I, II, III, and VII, the wrongful appropriation of trade secrets and confidential information, conversion, replevin, and unfair competition claims. Plaintiff asserts that the facts giving rise to its claims for punitive damages were not learned until discovery. Specifically, Plaintiff alleges that during discovery it found out the following:

> a. In violation of the confidentiality provisions of his employment agreement, in August 2003 Chambliss knowingly sold samples of Boyds' product that were

          not to be released to the general public until the Spring of 2004.
- b. Chambliss knowingly sold Boyds past, present and future product, including copyrighted works, for his own personal benefit at Timothy's without authorization from Boyds.
- c. Chambliss intentionally and willfully did not remit any money to Boyds from the sales of Boyds product and samples and commingled the proceeds from the sales with the sales of other goods at Timothy's.
- d. Chambliss intentionally, willfully and with continued reckless indifference to the rights of Boyds, produced an accounting of Boyds goods sold at Timothy's during discovery that is missing significant items and quantities of Boyds goods, some of which were the goods that representatives of Boyds purchased from Chambliss at Timothy's on August 13, 2003, and August 18, 2003.
- e. More than 1,100 medium and large size boxes full of Boyds product and samples were recovered from Chambliss, many containing product and samples with Timothy's price tags on them.
- f. Chambliss represented to Boyds' employees that he had the authority from Boyds to send product from Illinois to Timothy's for sale when he did not and Chambliss directed employees of Boyds to pack and ship Boyds' goods and products to Timothy's without authorization from Boyds.
- g. Timothy's employees testified that they were instructed to remove tags from Boyds' product for sale at Timothy's.
- h. Boyds' employees have recovered Boyds' products and unreleased samples from Chambliss' possession in which Chambliss covered up Boyds' trademarks and logos with Timothy's stickers and tags.
- i. Boyds' employees have recovered other Boyds' products from Chambliss' possession in which Chambliss has cut off and removed Boyds' tags.
- j. Chambliss has taken the trademarked and copyrighted names of Boyds' goods and product lines and used the names to market Timothy's goods.

(Pl.'s Mot. Leave Amend Second Am. Compl. ¶ 16.)

The discovery deadline in this case was January 14, 2005, and dispositive motions were due on January 31, 2005. Plaintiff filed the instant motion

on January 19, 2005.  The parties have briefed the issues, and the matter is ripe for disposition.

**II.**        **Legal Standard: Motion to Amend**

Once a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a). Whether to grant or deny the motion is within the district court's discretion.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  A court may deny a motion for leave to amend if "(1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party."  *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003). Mere delay will not warrant the denial of a motion for leave to amend "absent a concomitant showing of undue prejudice or bad faith."  *Zygmuntowicz v. Hospitality Invs., Inc.*, 151 F.R.D. 53, 55 (E.D. Pa. 1993).  Prejudice has been defined as "undue difficulty in prosecuting a position as a result of a change in tactics or theories."  *Id*.

In considering a motion for leave to amend, the court must weigh the prejudice to the non-moving party against the harm to the movant if leave is not granted.  3 James Wm. Moore et al., Moore's Federal Practice § 15.15.  The court should also consider judicial economy and the effect an amendment to the complaint would have on the court's management of the case.  *Id*.

**III.**        **Discussion**

4

Defendants argue that Plaintiff's Motion for Leave to Amend Second Amended Complaint should be denied for two reasons. First, Plaintiff acted dilatorily in filing the motion because the facts that form the basis of its punitive damages claims were known long before the filing of the motion. Second, the addition of punitive damages demands to four of Plaintiff's state law claims would be futile because those state law claims are preempted by § 301(a) of Title 17 of the Copyright Act. The court will address each of these arguments in turn.

### A. Plaintiff's Motion is Not Untimely Filed

Plaintiff asserts that its motion for leave to amend should be granted because its claims for punitive damages were based on newly discovered evidence. Defendants, for their part, respond that Plaintiff had sufficient facts to allege intentional, willful acts by Defendants when the original complaint was filed. Alternatively, Defendants contend that Plaintiff had sufficient facts within its possession to assert claims of punitive damages much earlier in the litigation and that Plaintiff should not be "rewarded" for its failure to make a reasonable inquiry. In short, Defendants argue that Plaintiff's punitive damages claims are not based on "newly discovered evidence." For the reasons below, the court disagrees.

In arguing that Plaintiff has not come forward with "newly discovered evidence," Defendants address each subparagraph in which Plaintiff asserts the facts for its punitive damages claims. (*See* Defs.' Reply to Pl.'s Mot. Leave Amend Second Am. Compl. ¶¶ 16.a. to j.) Defendants contend that Plaintiff had previously pled the allegations in subparagraphs a. through c. in its Second Amended Complaint, and Defendants are correct in their assertion. However, for subparagraphs d. and g. through j, Defendants merely assert that "Plaintiff's Second

Amended Complaint is replete with allegations that Defendants sold Boyds goods." (*Id*. at ¶¶ 16.d., 16.g. to j.)  While this may be true, the allegations in Plaintiff's corresponding subparagraphs, if proven, appear to reflect facts learned in discovery that could persuade a fact-finder that Defendants' actions were egregious.  For instance, Plaintiff's subparagraphs g. through i. describe events in which Mr. Chambliss allegedly instructed his employees to remove tags from Boyds' products to be sold at Timothy's, covered up Boyds' trademarks and logos with Timothy's stickers and tags, and cut off and removed tags from Boyds' products.  (Pl.'s Mot. Leave Amend Second Am. Compl. ¶¶ 16.g. to i.)  Defendants contend that these facts are not "newly discovered," but fail to provide how Plaintiff would have known these facts prior to discovery.  Thus, the court concludes that even though Plaintiff had raised allegations of Mr. Chambliss intentionally selling Boyds's products at Timothy's in earlier complaints, Plaintiff learned additional facts during discovery that give rise to claims of punitive damages.

   Defendants also argue that Plaintiff could have discovered the facts underlying its punitive damages claims much earlier if it had diligently sought to uncover evidence.  Specifically, Defendants submit that Plaintiff's allegations in subparagraph e. are based on evidence that was located in a barn owned by Mr. Chambliss.  Defendants contend that they advised Plaintiff at the inception of the case that the items stored in the barn could be recovered, but that Plaintiff did not recover the items until a year after the filing of the original complaint.

   The court does not find Defendants' argument sufficient to warrant the denial of Plaintiff's motion to amend.  "Mere delay is insufficient absent a concomitant showing of undue prejudice or bad faith to deny a motion to amend."

*Zygmuntowicz v. Hospitality Invs., Inc.*, 151 F.R.D. 53, 55 (E.D. Pa. 1993). Defendants have not demonstrated that they would be unduly prejudiced by the inclusion of these allegations or that Plaintiff failed to timely recover the items in Mr. Chambliss's barn out of bad faith. Additionally, as stated above, the allegations in several of Plaintiff's subparagraphs were based on evidence learned only through the discovery process. Despite Defendants' assertions that Plaintiff procrastinated in retrieving the items in Mr. Chambliss's barn, Defendants fail to demonstrate that Plaintiff's alleged delays tainted other evidence that forms the basis of its punitive damages claims.

Finally, Defendants argue that allowing Plaintiff to amend its Second Amended Complaint would prejudice them because amendment was sought late in the proceedings. Defendants take issue with the fact that Plaintiff waited until after the close of discovery and shortly before the dispositive motions deadline to file its motion to amend. The court, however, concludes that the timing of the amendment to Plaintiff's Second Amended Complaint will not prejudice Defendants. Plaintiff only seeks to add punitive damages claims to its Second Amended Complaint. The amendment will not significantly change the substance of the underlying allegations in the way that adding another party or cause of action would. Additionally, allowing Plaintiff to add punitive damages will not cause Defendants to substantially alter their trial strategy. *Cf. Zygmuntowicz*, 151 F.R.D. at 55 (holding that prejudice exists under Rule 15(a) when the defendant would experience "undue difficulty in prosecuting a position as a result of a change in tactics or theories"). In fact, the procedural posture of the case should be able to remain exactly as it is. In short, the prejudice to Defendants in permitting Plaintiff to amend is minimal, and despite the

timing of the filing of Plaintiff's motion, the court does not believe that Plaintiff acted dilatorily in seeking amendment.

### B. Futility

Defendants next argue that allowing Plaintiff to add punitive damages claims would be futile because Plaintiff's underlying state law claims are preempted by § 301(a) of Title 17 of the Copyright Act.[1] Section 301(a) provides that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . are governed by this title. . . . [N]o person is entitled to any such right or equivalent right . . . under the common law or statutes of any State." 17 U.S.C. § 301(a).

In order to reach the conclusion posited by Defendants, the court would have to make a ruling on whether the underlying state law claims are preempted. Such a ruling is outside the scope of what is necessary to decide the instant motion and would therefore be improper. Defendants have also raised this same argument in their pending motion for summary judgment. Plaintiff has had an opportunity to counter Defendants' argument in detail in its response to the summary judgment motion, and the court believes that the appropriate course is to decide the merits of the argument when it resolves Defendants' motion. In the meantime, allowing Plaintiff to amend its Second Amended Complaint will cause Defendants little, if any, harm. Thus, even if Plaintiff's punitive damages claims ultimately prove futile,

---

[1] Defendants also assert that amendment of Plaintiff's copyright claims would be futile because punitive damages are not available for these claims under the Copyright Act. The court, however, need not address this argument because Plaintiff does not seek to add a demand for punitive damages to its copyright claims.

Defendants will not have been worse off.  In contrast, Plaintiff would experience significant harm in losing potentially viable punitive damages claims.

**IV.** **Conclusion**

In accordance with the foregoing discussion and mindful that amendment "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), the court will grant Plaintiff's Motion for Leave to Amend Second Amended Complaint. An appropriate order will issue.

    s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  May 2, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE BOYDS COLLECTION, LTD.,** : | **CIVIL NO. 1:CV-03-1416** |
| **Plaintiff** : | |
| : | |
| **v.** : | |
| : | |
| **STEPHEN C. CHAMBLISS,** : | |
| **STEPHEN C. CHAMBLISS d/b/a** : | |
| **TIMOTHY'S, and** : | |
| **STEPHEN C. EDWARDS, INC.,** : | |
| **Defendants** : | |

## O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**:

1) Plaintiff's Motion for Leave to Amend Second Amended Complaint (Doc. 71) is **GRANTED**.

2) The Clerk of Court shall file Plaintiff's Third Amended Complaint (Doc. 84) under seal as the date of this order.

                                            s/Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

Dated: May 2, 2005.